IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-02302-GPG

CLETUS GODLUCKMOLEMEN,

      Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity, and
TODD LYONS, Acting Director of Immigration and Customs Enforcement, in his official capacity,

      Respondents.

---

**ORDER**

---

This matter comes before the Court upon review of the Status Report (D. 14) filed on July 13, 2026, indicating that Petitioner's detention is unlawful.

On June 30, 2026, the Court issued an Order (D. 13) granting in part Petitioner Cletus Godluckmolemen's Application for a Writ of Habeas Corpus (D. 1). After determining that Petitioner is detained pursuant to 8 U.S.C. § 1226(a), the Court ordered Respondents to provide Petitioner with "a bond hearing at which Respondents bear the burden of proof of showing Petitioner's continued detention is proper and *was proper at the time of Petitioner's arrest"* (D. 13 at 3) (emphasis added). The Court further ordered Respondents to file a status report within five days of the bond hearing including "as an attachment any warrant justifying Petitioner's detention at the time he was detained" (*id*). On July 13, 2026, Respondents filed a status update indicating

1

that they provided Petitioner with a bond hearing; however, they are unable to "identif[y] a warrant pursuant to which Petitioner was arrested" (D. 14 at ¶ 3).

Respondent's inability to produce a warrant for Petitioner's arrest precludes Petitioner's detention under § 1226(a) and merits Petitioner's immediate release.   As Judge Nina Wang recently wrote:

> § 1226(a) authorizes arrest and detention only "[o]n a warrant issued by the Attorney General." Thus, "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)....As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025); *accord, e.g.*, *J.A.C.P. v. Wofford*, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *Ahmed M. v. Bondi*, No. 25-cv-04711-ECT-SGE, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). This is consistent with DHS regulations permitting immigration officers to "arrest[ ] and take[ ] into custody" individuals suspected of violating the immigration laws *after* the officers have obtained a warrant and an NTA. *See* 8 C.F.R. §§ 236.1(b), 1236.1(b); *see also Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1216 (D. Colo. 2025) (observing that ICE officers "possess extremely broad authority" to arrest individuals subject to removal proceedings once a warrant and NTA have issued), *appeal docketed sub nom.*, *Ramirez Ovando v. Mullin*, No. 26-1027 (10th Cir. Jan. 26, 2026).
>
> Without a warrant, however, the Government's authority to make immigration arrests is "more limited." *Ramirez Ovando*, 810 F. Supp. 3d at 1216 (quoting *Arizona v. United States*, 567 U.S. 387, 408 (2012)). An immigration officer may make a warrantless arrest "if he has reason to believe" that a noncitizen is unlawfully present in the United States "and is likely to escape before a warrant can be obtained." 8 U.S.C. § 1357(a)(2). Courts have interpreted the "reason to believe" language as equivalent to the constitutional probable cause standard and requiring a particularized finding of probable cause that the noncitizen is likely to escape. *See Ramirez Ovando*, 810 F. Supp. 3d at 1216–17 (citing *Roa-Rodriguez v. United States*, 410 F.2d 1206, 1209 (10th Cir. 1969)) (further citations omitted); *Escobar Molina v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 3d 1, 30–31 (D.D.C. 2025). Once an officer makes a warrantless arrest, the Government generally must make a custody determination within 48 hours and decide "whether the alien will be continued in custody or released on bond or recognizance and whether a notice to appear and warrant of arrest...will be issued." 8 C.F.R. § 287.3(d).

*Quezada-Estrada v. Lyons*, No. 26-CV-01599-NYW, 2026 WL 1361880, at \*4–5 (D. Colo. May 15, 2026).

Here, Respondents have not shown that Petitioner was arrested pursuant to a warrant. Neither have they produced any evidence indicating that the arresting immigration officer(s) had reason to believe Petitioner was likely to escape before a warrant could be obtained or that they provided Petitioner with a custody determination within 48 hours. These facts all point to the conclusion that Petitioner's initial arrest and detention were unauthorized under § 1226(a), and thus Petition is entitled to immediate release. *See Quezada-Estrada*, 2026 WL 1361880, at \*6 ("Release is an appropriate habeas remedy where a petitioner's current detention lacks a 'lawful predicate.'" (quoting *Ahmed M. v. Bondi*, No. 25-cv-04711-ECT-SGE, 2026 WL 25627, at \*3 (D. Minn. Jan. 5, 2026))).

Accordingly, pursuant to this Court's inherent authority to enforce its June 30, 2026, Order finding Petitioner is detained under § 1226(a), it is ORDERED that Petitioner shall be released from custody immediately, and Petitioner SHALL update this Court in writing upon his release.

DATED July 15, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge

3